# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-2103V**

| | |
|---|---|
| SHIORI YODONO,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 21, 2026 |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On December 12, 2023, Shiori Yodono filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving influenza vaccine on March 10, 2021. Petition at 1, 1 ¶¶ 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 23, 2026, I issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA. On September 21, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $46,803.98, representing $45,000.00 for pain and suffering and $1,803.98 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $46,803.98, representing $45,000.00 for pain and suffering and $1,803.98 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SHIORI YODONO,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent. | No. 23-2103V<br>ECF<br>Chief Special Master Brian H. Corcoran |

**PROFFER ON AWARD OF COMPENSATION**[1]

On December 12, 2023, Shiori Yodono ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on March 10, 2021. Petition at 1.

On June 23, 2026, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2] ECF No. 26.

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's June 23, 2026 Ruling on Entitlement, ECF No. 26, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$45,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$1,803.98**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$46,803.98** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Shiori Yodono.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JENNIFER L. REYNAUD
Assistant Director
Torts Branch, Civil Division

*/s/ J. Connor Daughton*
J. CONNOR DAUGHTON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 305-3907
Email: james.c.daughton@usdoj.gov

DATED: September 21, 2026

**CERTIFICATE OF SERVICE**

I certify that today, September 21, 2026, a copy of the foregoing filing was or will be served by electronic mail to petitioner's counsel, Amy Senerth, at amy@mullerbrazil.com.

*/s/ J. Connor Daughton*
J. CONNOR DAUGHTON